# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52001

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

ANGELO DAVID HUNTER,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: July 30, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Appeal from judgment of conviction and suspended, unified sentence of four years, with a minimum period of confinement of one year, for aggravated assault, <u>dismissed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; LORELLO Judge;
and FLEMING, Judge

_____

PER CURIAM

Angelo David Hunter was found guilty of aggravated assault. I.C. §§ 18-901, 18-905, and 19-2520. The district court sentenced Hunter to a unified term of four years, with a minimum period of confinement of one year. The district court suspended the sentence and placed Hunter on probation for two years. The district court thereafter terminated Hunter's probationary term early and he has completed his sentence. Acknowledging that he has fully served his sentence, Hunter appeals and argues that his underlying sentence is excessive.

1

A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). The relief Hunter has requested on appeal cannot be granted because he has been already served his sentence. Therefore, any judicial relief from this Court would have no effect on either party. *See id.*

Accordingly, the appeal from Hunter's judgment of conviction and sentence is dismissed